UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AIDA SHYEF AL-KADI,                              CIVIL NO. 16-2642 (JRT/JSM)

    Plaintiff,

v.                                               ORDER

RAMSEY COUNTY and
RAMSEY COUNTY SHERIFF'S DEPARTMENT,

    Defendants.

The above matter came on before the undersigned upon plaintiff's Motion for Appointment of Counsel [Docket No. 12].

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that plaintiff's Motion for Appointment of Counsel [Docket No. 12] is DENIED.

Dated:     November 1, 2016

                          *s/ Janie S. Mayeron*
                          JANIE S. MAYERON
                          United States Magistrate Judge

MEMORANDUM

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998) (citations omitted); see also McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Wiggens v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985). The decision to appoint counsel in civil cases "is committed to the discretion of the trial court." McCall, 114 F.3d at 756 (citing Pennsylvania v. Finley, 481 U.S. 551, 555-57 (1987); Williams v. Missouri,

640 F.2d 140, 144 (8th Cir. 1981)); see also In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986) (citations omitted).  Even if the court determines that counsel should be appointed, it has no power to require any attorney to take a civil case.  At most, under 28 U.S.C. § 1915(e)(1),[1] this Court may request counsel to represent a pro se litigant who has been granted in forma pauperis status in a civil case. See Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 309 (1989) (holding that 28 U.S.C. § 1915(d) merely authorizes courts to request attorneys to represent indigent litigants in civil cases and does not permit courts to require such representation in a § 1983 action); see also Scott v. Tyson Foods, Inc., 943 F.2d 17, 18-19 (8th Cir. 1991) (discussing Mallard).

Central to the exercise of the court's discretion to appoint counsel in a civil case is a determination by the court that "'the nature of the litigation is such that the plaintiff as well as the court will benefit from the assistance of counsel.'"  Abdulla v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (quoting Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984)); see also Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996) (concluding that a "district court is to decide whether the plaintiff and the court will substantially benefit from the appointment of counsel").  In exercising this discretion, the court must carefully weigh the "factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel."  McCall, 114 F.3d at 756 (citations omitted); see also Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (concluding there are several factors guiding a

---

[1]   28 U.S.C. § 1915(e)(1) states: "The court may request an attorney to represent any person unable to afford counsel."

2

district court's decision to appoint counsel including the complexity of the case and the ability of the plaintiff to present his or her case without counsel).

After weighing the relevant factors discussed above, the Court concludes that appointment of counsel is not warranted in this case.  First, the issues presented by this case are uncomplicated, both legally and factually, and do not present novel or complex legal arguments.  Second, while plaintiff focuses her argument regarding her need of counsel on her inability to properly prosecute her case, a review of plaintiff's submissions satisfies this Court that plaintiff possesses the necessary capacity to develop and articulate arguments in a meaningful way.  Accordingly, plaintiff's Motion for Appointment of Counsel is denied.

Although the Court has denied plaintiff's motion for appointment of counsel, the Court has, by separate letter, referred this action to the FBA Federal Pro Se Project; and if counsel is obtained, the parties will be referred to the Early Settlement Conference Project.

J.S.M.